685 S.E.2d 598

**In the Matter of George A. HARPER, Respondent.**

No. 26737.

Supreme Court of South Carolina.

Submitted Oct. 13, 2009.

Decided Nov. 4, 2009.

Lesley M. Coggiola, Disciplinary Counsel, and C. Tex Davis, Jr., Senior Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

John S. Simmons, of Simmons Law Firm, of Columbia, for respondent.

PER CURIAM.

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21, RLDE, Rule 413, SCACR. In the Agreement, respondent admits misconduct and consents to the issuance of a public reprimand or a definite suspension not exceed ninety (90) days. *See* Rule 7(b), RLDE, Rule 413, SCACR. Respondent requests that, if the Court imposes a suspension, that the suspension be made retroactive to March 31, 2009, the date of his interim suspension. *In the Matter of Harper*, 382 S.C. 162, 675 S.E.2d 721 (2009). We accept the Agreement and definitely suspend respondent from the practice of law in this state for a ninety (90) day period, retroactive to the date of his interim suspension. The facts, as set forth in the Agreement, are as follows.

## FACTS

Respondent pled guilty to one count of willful failure to file a state income tax return and failure to pay taxes in violation of South Carolina Code Ann. § 12–54–44(B)(3) (2000) and was sentenced accordingly. Respondent represents he has paid the taxes owed and the costs of the prosecution.

## *LAW*

Respondent admits that by his misconduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 8.4(a) (lawyer shall not violate Rules of Professional Conduct) and Rule 8.4(b) (lawyer shall not commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects). In addition, respondent admits his misconduct constitutes a violation of Rule 7, RLDE, Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be a ground for discipline for a lawyer to violate the Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers), Rule 7(a)(4) (it shall be a ground for discipline for a lawyer to be convicted of a crime of moral turpitude or a serious crime), and Rule 7(a)(5) (it shall be a ground for discipline for a lawyer to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law).

## *CONCLUSION*

We accept the Agreement for Discipline by Consent and definitely suspend respondent from the practice of law for a ninety (90) day period. We grant respondent's request that the suspension be made retroactive to the date of his interim suspension. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

WALLER, Acting Chief Justice, PLEICONES, BEATTY and KITTREDGE, JJ., concur.

TOAL, C.J., not participating.